COLEMAN, Kaseem, a minor, by his mother and next friend, Delores LEE; and Mattox, Aaron, a minor, by his mother and next friend, Doris Mattox; Wiggins, Lawrence Lee, and Wiggins, Freddie Lee, minors, by their mother and next friend, Barbara Wiggins, on their own behalf and on behalf of all others similarly situated, Appellees,

v.

Joseph H. STANZIANI and Lawrence A. Brown, individually and in their official capacities as Judges of the Montgomery County Court of Common Pleas, Juvenile Division, on their own behalf and on behalf of all other Juvenile Court Judges similarly situated in the Commonwealth of Pennsylvania; Anthony Guarna, individually and in his official capacity as Chief Juvenile Probation Officer, Montgomery County, on his own behalf and on behalf of all other juvenile probation officers similarly situated in the Commonwealth of Pennsylvania.

Appeal of The MONTGOMERY COUNTY COURT OF COMMON PLEAS, JUVENILE DIVISION; and Montgomery County, Pennsylvania.

Joseph H. STANZIANI and Lawrence A. Brown, individually and in their official capacities as Judges of the Montgomery County Court of Common Pleas, Juvenile Division, on their own behalf and on behalf of all other Juvenile Court Judges similarly situated in the Commonwealth of Pennsylvania; Anthony Guarna, individually and in his official capacity as Chief Juvenile Probation Officer, Montgomery County, on his own behalf and on behalf of all other juvenile probation officers similarly situated in the Commonwealth of Pennsylvania; The Montgomery County Court of Common Pleas, Juvenile Division; and Montgomery County, Pennsylvania, Petitioners,

v.

Honorable Joseph S. LORD, III, Nominal Respondent,

Kaseem Coleman, a minor, by his mother and next friend, Delores Lee; Aaron Mattox, a minor, by his mother and next friend, Doris Mattox; Lawrence Lee Wiggins and Freddie Lee Wiggins, minors, by their mother and next friend, Barbara Wiggins, on their own behalf and on behalf of all others similarly situated, Actual Respondents.

Nos. 83–1730, 83–3539.

United States Court of Appeals,
Third Circuit.

Argued May 17, 1984.

Decided June 4, 1984.

Kathleen F. McGrath (argued), David M. Donaldson, Andrew S. Gordon, Deputy Attys. Gen., Allen C. Warshaw, Chief, Litigation Section, Harrisburg, Pa., Howland Abramson, Asst. Legal Counsel to the Court Adm'r, Walter S. Jenkins, Sweeney, Sheehan & Spencer, Philadelphia, Pa., for appellants.

Lawrence M. Schall (argued), Robert G. Schwartz, Philadelphia, Pa., Harry F. Swanger, John R. Bird, St. Louis, Mo., for appellees.

Before GIBBONS and HUNTER, Circuit Judges, and STAPLETON, District Judge [*]

**OPINION OF THE COURT**

GIBBONS, Circuit Judge:

Several juveniles have filed in the United States District Court for the Eastern District of Pennsylvania a class action for injunctive, declaratory and other relief pursuant to 42 U.S.C. § 1983 (Supp. V 1981), challenging the constitutionality of the "preventive detention" provisions of the Pennsylvania Juvenile Act. 42 Pa.Cons. Stat.Ann. §§ 6325, 6335, 6341 (Purdon 1982). The named defendants are Mont-

gomery County Juvenile Court Judges Stanziani and Brown, Montgomery County Juvenile Probation Officer Guarna, the Montgomery County Juvenile Court, and the County. The trial court certified a plaintiff class consisting of all juveniles who pursuant to the challenged statutes are now, or will be in the future, detained prior to a disposition hearing or trial. The court also certified a defendant class composed of all Juvenile Court Judges, masters, and probation officers who are now, or will be in the future, responsible for conducting preventive detention proceedings under the challenged statutes.

The defendants moved in the district court for judgment on the pleadings, and for partial decertification of the plaintiff class. They contended that *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) required a dismissal of the complaint, or that abstention on the authority of *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) or *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) was appropriate. The trial court denied the motions for judgment on the pleadings and for partial decertification of the class on September 14, 1983, and scheduled a discovery conference for October 6, 1983.

On September 26, 1983 the defendants filed a notice of appeal from the order denying their motion for judgment on the pleadings. The class representative plaintiffs moved to dismiss that appeal as interlocutory. The defendants then filed a petition for a writ of mandamus directing the district judge to grant their motion. We dismiss the appeal and deny mandamus.

I.

Appealability

The district court has neither granted nor denied injunctive relief. *Cf.* 28

U.S.C. § 1292(a)(1) (1982). Nor has the court entered a final judgment on any arguably separate claim. *Cf.* Fed.R.Civ.P. 54(b). Nor has the court determined that there is a controlling question of law with respect to which there is a substantial ground for difference of opinion which should be resolved in an immediate appeal. *Cf.* 28 U.S.C. § 1292(b) (1982). Indeed, the court was not asked to certify any such controlling question. Thus we have appellate jurisdiction only if an order denying a motion for judgment on the pleadings is a final judgment within the meaning of 28 U.S.C. § 1291 (1982). An order denying a Rule 12(c) motion, however, is a prime example of an interlocutory order.

The Attorney General of Pennsylvania, who appears for the defendants, urges vehemently that when he makes a motion to dismiss on *Younger v. Harris* grounds the denial of such a motion must be treated as a final judgment within the collateral order doctrine. *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). In order to qualify as collaterally final, however, "[t]he order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 375, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981) *quoting Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978). The order appealed from satisfies none of these criteria. It does not conclusively determine anything, since the district court is free to reconsider it at any time. It is not separate from the merits, because a *Younger v. Harris* ruling requires a determination of the appropriateness of the requested relief in light of the pleadings and proof. It is not unreviewable on appeal from a final judgment, for scores of *Younger v. Harris* issues have been heard and decided in such appeals.

The Attorney General urges that the order should be treated as a final rejection of a claim of immunity. We have rejected a

similar contention in *Forsyth v. Kleindienst,* 729 F.2d 267, 273–74 (3d Cir.1984) *(Forsyth II).* Moreover the immunity claim is in this instance a highly dubious one, since injunctive and declaratory relief are sought. *See Pulliam v. Allen,* —— U.S. ——, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984); *Conover v. Montemuro,* 477 F.2d 1073, 1094 (3d Cir.1973) (Gibbons, J., concurring). Thus the argument for enlarging the collateral order doctrine is in this case far weaker than with respect to immunity from a claim for money damages made in *Forsyth II* by a former high executive branch officer of the federal government. "[T]his Circuit has consistently maintained that the collateral order doctrine should be sparingly applied...." *Akerly v. Red Barn System, Inc.,* 551 F.2d 539, 543 (3d Cir.1977). The Attorney General has referred us to no case holding that it should be extended so as to embrace the denial of a motion to dismiss on abstention grounds.

The motion to dismiss the appeal will be granted.

## II.

### Mandamus

■ Alternatively, the Attorney General urges that we should issue a writ of mandamus directing the trial court to dismiss the complaint. The case is one over which the trial court has undoubted subject matter jurisdiction. The order disposed of a motion within that jurisdiction. The merits of the order are reviewable on appeal from a final judgment. An abstention decision involves the exercise of discretion. Mandamus to control the exercise of that discretion is wholly inappropriate.

The petition for mandamus will be denied.